Filed 6/6/22 P. v. Mangsanghanh CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BOUALY MANGSANGHANH,<br><br>Defendant and Appellant. | F081780<br><br>(Super. Ct. No. CF06901120)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Gary R. Orozco, Judge.

Janice M. Lagerlof, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Christina H. Simpson, Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Peña, J. and Smith, J.

## INTRODUCTION

Petitioner Boulay Mangsanghanh petitioned the trial court for resentencing on her two convictions for first degree murder. (Pen. Code,[1] § 1170.95.) The court denied the petition on the ground petitioner is ineligible for resentencing because she was convicted of first degree murder as a direct aider and abettor and not under the felony-murder rule or natural and probable consequences doctrine.

On appeal, petitioner contends the trial court reversibly erred in looking beyond her facially sufficient petition and engaging in premature factfinding. We conclude the court did not err and, in any event, the record of conviction establishes petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The charges against petitioner arose out of an incident in which petitioner was alleged to have served as the getaway driver in a retaliatory gang-related shooting that resulted in the death of Nath Ouch and her unborn child. (*People v. Mangsanghanh* (Feb. 19, 2009, F054382) [nonpub. opn.] (*Mangsanghanh*).)[2]

Petitioner was tried jointly with codefendants Sokol Yann, Sokmorn Chea, and Jonathan Perkins. The jury convicted petitioner of two counts of first degree murder as to Ouch and her unborn child (§ 187, subd. (a)). As to each count, the jury also found true a multiple-murder special circumstance (§ 190.2, subd. (a)(3)), and a gang enhancement (§ 186.22, subd. (b)(1)). Petitioner was sentenced to a term of life without the possibility of parole for the murder of Ouch and a concurrent term of life without possibility of parole for the murder of Ouch's unborn child. The court imposed and stayed sentence on the gang enhancement. On appeal, this court vacated one of the multiple-murder special

---

[1] Undesignated statutory references are to the Penal Code.

[2] We grant the People's unopposed request for judicial notice of this court's opinion in petitioner's direct appeal. However, we do not rely on the factual summary from our opinion in petitioner's direct appeal to resolve the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

2.

circumstances on the ground only one such special circumstance may be applied in a single proceeding, but otherwise affirmed. (*Mangsanghanh*, *supra*, F054382.)

On March 4, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against her that allowed her to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; she was convicted of first or second degree murder at trial; and she could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. She further averred that she was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime, and the victim was not a peace officer in the performance of his or her duties. She also requested counsel be appointed to represent her on the petition.

On the same date, the People filed a motion to dismiss the petition on the ground petitioner is ineligible for resentencing.[3] The People argued petitioner was a major participant in the murders and was convicted as a direct aider and abettor without reliance on the felony-murder rule. Petitioner, through counsel, filed a reply, arguing she is eligible for resentencing because she did not act with intent to kill or as a major participant who acted with reckless indifference to human life. Thereafter, the parties filed several supplemental memoranda and points and authorities relating to petitioner's eligibility for resentencing.

The matter was heard on September 2, 2020. The trial court noted it had reviewed the parties' briefs, as well as trial transcripts. The court stated it had taken judicial notice of the record of conviction, including the jury instructions, and tentatively concluded

---

[3] The People also filed a separate motion to dismiss on the ground Senate Bill No. 1437 (2017-2018 Reg. Sess.) is unconstitutional. The motion was fully briefed but was not ruled on by the court.

petitioner was ineligible for resentencing as a matter of law. The court noted the jury was presented with theories of first degree murder based on premeditation and deliberation or lying in wait, and was instructed with regard to those theories on direct aiding and abetting with express or implied malice. The court also noted that, with regard to the special circumstances, the jury was instructed it was required to find petitioner aided and abetted in the murder with intent to kill. Alternatively, the court noted that, based on the facts presented at trial, petitioner was a major participant in the felony who acted with reckless indifference to human life.[4] Ultimately, the court concluded petitioner was convicted as a direct aider and abettor who acted with actual malice and was not convicted of felony murder or under a natural and probable consequences theory. Accordingly, the court determined petitioner is ineligible for resentencing as a matter of law and her petition was denied.

This timely appeal followed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought

---

[4] However, the court made clear that this alternative analysis was not the basis for its ruling.

before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[5] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that

---

[5] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95,

subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Record of Conviction

Petitioner contends the trial court erred in looking beyond her facially sufficient petition and reviewing the record of conviction to determine whether petitioner stated a prima facie claim for relief. Our Supreme Court rejected this argument in *Lewis*. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) Indeed, our Supreme Court has stated, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) Accordingly, the trial court did not err in considering the record of conviction to determine whether petitioner stated a prima facie case.

## III. Factfinding at the Prima Facie Stage

Petitioner contends the trial court engaged in improper factfinding at the prima facie review.

7.

The trial court may not engage in factfinding involving the weighing of the evidence at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) Thus, while the trial court may consider the record of conviction in determining whether a petitioner has stated a prima facie case, the court may not make factual findings based on that record. (*Ibid.*)

Here, the trial court stated that it considered the record of conviction, including the jury instructions, trial transcripts, and special circumstance findings to conclude petitioner was convicted as a direct aider and abettor who acted with actual malice. As we explain in further detail below, this conclusion does not require factfinding and therefore is not improper under *Lewis*. (See *Lewis*, *supra*, 11 Cal.5th at p. 972.) Although the court also engaged in a factual analysis to conclude petitioner was a major participant in the felony who acted with reckless indifference to human life, the court made clear that this alternative analysis was not the basis for its ruling. Accordingly, we conclude the court did not engage in improper factfinding.

## IV. Prejudice

Even if the trial court engaged in improper factfinding, we may affirm if petitioner was not prejudiced by the error. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) As we explain, we conclude petitioner was not prejudiced because the jury's special circumstance findings establish she is ineligible for resentencing as a matter of law.

Pursuant to section 1170.95, a petitioner is ineligible for resentencing if he or she was the actual killer, acted with the intent to kill or malice aforethought, or was a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, as to each count, the jury found true a multiple-murder special circumstance pursuant to section 190.2, subdivision (a)(3), which imposes a sentence of death or life without the possibility of parole when the defendant is convicted of more than one offense of murder in the first or second degree. To find the special

circumstances true, the jury was required to find that petitioner aided and abetted in the murders with intent to kill. (§ 190.2, subds. (a)(3), (c).) The true findings on the special circumstances therefore establish the jury made the findings necessary to sustain the murder convictions under the law, as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.). Petitioner is ineligible for resentencing as a matter of law and was not prejudiced by the court's errors, if any.

Nevertheless, petitioner argues the special circumstances do not preclude resentencing as a matter of law. In support, petitioner relies on *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954 (*York*). As petitioner also acknowledges, however, this court disagreed with *York* in *People v. Simmons* (2021) 65 Cal.App.5th 739, 749, review granted Sept. 1, 2021, S270048. In *Simmons*, we declined to utilize the section 1170.95 procedure to examine the record of conviction to determine whether a special circumstance finding was properly entered. (*Simmons*, at p. 749.) Rather, we concluded that such findings are binding on the issues necessarily decided by the jury, unless the findings were invalidated on direct appeal or in a habeas proceeding. (*Ibid.*) Although we recognize review has been granted in *Simmons*, we see no reason to depart from our analysis and conclusions therein. Petitioner's special circumstance finding has not been invalidated on direct appeal or in habeas. The finding establishes that petitioner is ineligible for resentencing as a matter of law. She therefore was not prejudiced by any procedural errors in the court's denial of her petition.

## DISPOSITION

The September 2, 2020 order denying petitioner's section 1170.95 petition for resentencing is affirmed.

9.